UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No. CR19-002-RSM |
|---|---|
| Plaintiff, | |
| v. | |
| BRIAN KEVIN RUBENAKER, | **PRELIMINARY ORDER OF FORFEITURE** |
| Defendant. | |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, the Defendant Brian Kevin Rubenaker's interest in the following property that was seized from him, by U.S. Probation, on or about October 17, 2018 in Everett, Washington:

1. A Dell E5450 laptop computer; and,
2. Any and all images of child pornography, in whatever format and however stored.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

Preliminary Order of Forfeiture - 1
*United States v. Rubenaker,* CR19-002-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The above-identified property is forfeitable pursuant to 18 U.S.C. § 2253, as it is comprised either of prohibited images or property used to commit or to promote the commission of the offense of Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); and,

- Pursuant to the plea agreement he entered on January 8, 2019, the Defendant agreed to forfeit the above-identified property pursuant to 18 U.S.C. § 2253 (Dkt. No. 42, ¶ 8).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C § 2253 and his plea agreement, the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) The United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and/or its authorized agents or representatives, shall maintain the laptop computer (item 1) in its custody and control until further order of this Court. HSI shall destroy any child pornography (item 2) unless it has been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C. §§ 853(i) and 881(e);

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and the United States' intent to dispose of the laptop as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the laptop, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the laptop must file a petition with the Court within sixty (60) days of the first day of publication of

Preliminary Order of Forfeiture - 2
*United States v. Rubenaker,* CR19-002-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the laptop;

    b.    shall be signed by the petitioner under penalty of perjury; and,

    c.    shall set forth the nature and extent of the petitioner's right, title or interest in the laptop, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the laptop, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accord with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

///
///
///
///
///
///

Preliminary Order of Forfeiture - 3
*United States v. Rubenaker,* CR19-002-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IT IS SO ORDERED

DATED this 2nd day of April, 2019.

*signature*
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ Michele Jensen*
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Rubenaker,* CR19-002-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970